■ In the Matter of JEFFREY COHEN, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, Respondent-Respondent. [648 NYS2d 588] —Determination of respondent Police Commissioner dated May 8, 1995, which dismissed petitioner from his position as a police officer, unanimously modified, on the law, to the extent of awarding back pay for the period of petitioner's second suspension without pay, the matter remanded to respondent for a determination of the amount of such back pay and of any deductions for outside compensation earned by petitioner during such period, the petition otherwise denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order

of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered October 23, 1995), otherwise disposed of by confirming the remainder of the determination, without costs.

Respondent's determination that petitioner attempted to fix a traffic ticket by harassing and intimidating a fellow officer into making false statements about its issuance is supported by substantial evidence, including the testimony of the fellow officer and a taped conversation between the motorist and the fellow officer showing that the motorist's testimony was coached by petitioner and her husband with whom petitioner was friendly. The penalty of dismissal is not so disproportionate to the offense as to be shocking to our sense of fairness (*Trotta v Ward*, 77 NY2d 827). However, as respondent concedes, petitioner is entitled to back pay for the period of his second suspension, less any earnings he may have received from other sources during that period. Concur—Sullivan, J. P., Milonas, Rubin, Tom and Mazzarelli, JJ.